**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **ANNA CONNOLLY,**<br>*Plaintiff,*<br>**v.**<br>**HECTOR LASALLE,** ***et al.*****,**<br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:26-cv-00361-TES** |

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT**

Pro se Plaintiff Anna Connolly commenced this civil action on August 20, 2026, by filing a complaint [Doc. 1] and moving for leave to proceed *in forma pauperis* ("IFP")—that is, without prepaying fees and costs. [Doc. 2]. District courts may allow a plaintiff to file a lawsuit without prepaying fees and costs under 28 U.S.C. § 1915. That statute states, in relevant part,

> [A]ny court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). An application is sufficient to warrant a waiver of fees if it "represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependents."

*Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Upon review of Plaintiff's Motion, the Court **GRANTS** her leave to proceed IFP. [Doc. 2].

Since Plaintiff is proceeding IFP, § 1915(e) requires the Court to review her Complaint [Doc. 1] to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted.[1] 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The Eleventh Circuit has determined that § 1915(e) generally "permits district courts to dismiss a case 'at any time' if [a] complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). A claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Complaint, in its entirety, reads, "The defendant created a hostile working environment. So it should be held liable for its wrongdoings. And the damage will be determined at trial." [Doc. 1]. These conclusory and generalized allegations fail to state a claim. Accordingly, the Court **DISMISSES** Plaintiff's Complaint **without prejudice**. 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**, this 20th day of August, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes that pleadings filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).